UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| **FAIRWAY VILLAGE CONDOMINIUMS** | **CIVIL ACTION** |
| **VERSUS** | **NO. 22-2022** |
| **INDEPENDENT SPECIALTY INSURANCE CO.** | **SECTION: "G"(3)** |

# ORDER

Before the Court is Plaintiff Fairway Village Condominiums' ("Plaintiff") Motion for Reconsideration.[1] On March 16, 2023, the Court granted Defendant Independent Specialty Insurance Company's ("Defendant") "Motion to Extend Scheduling Order Deadlines."[2] In the Motion for Reconsideration, Plaintiff argues that the Court manifestly erred in finding that Defendant alleged good cause for a continuance of trial and the pretrial motion deadlines in this case.[3] Having considered the motion, the memoranda in support, the record, and applicable law, the Court denies Plaintiff's motion for reconsideration because it finds alternative grounds to support a finding of good cause for a continuance in this matter.

---

[1] Rec. Doc. 38.

[2] Rec. Doc. 36.

[3] Rec. Doc. 38-1 at 2–3.

1

## Law and Analysis

### A. *Legal Standard*

Although the Fifth Circuit has noted that the Federal Rules "do not recognize a 'motion for reconsideration' *in haec verba*,"[4] it has consistently recognized that such a motion may challenge a judgment or order under Federal Rules of Civil Procedure 54(b), 59(e), or 60(b).[5] Federal Rule of Civil Procedure 59(e) also allows courts to alter or amend its judgments after entry. The Court has "considerable discretion" in deciding whether to grant a motion for reconsideration, but must "strike the proper balance between two competing imperatives: (1) finality and (2) the need to render just decisions on the basis of all the facts."[6] This Court's discretion is further bounded by the Fifth Circuit's instruction that reconsideration is "an extraordinary remedy that should be used sparingly,"[7] with relief being warranted only when the basis for relief is "clearly establish[ed]."[8] Courts in the Eastern District of Louisiana have generally considered four factors in deciding motions for reconsideration under the Rule 59(e) standard:

(1) the motion is necessary to correct a manifest error of law or fact upon which the judgment is based;

(2) the movant presents newly discovered or previously unavailable evidence;

---

[4] *Lavespere v. Niagara Mach. & Tool Works, Inc.*, 910 F.2d 167, 173 (5th Cir. 1990).

[5] *Id*. (Rules 59 and 60); *Castrillo v. Am. Home Mortg. Servicing, Inc.*, No. 09-4369, 2010 WL 1424398, at *3–*4 (E.D. La. Apr. 5, 2010) (Vance, C.J.) (Rule 54).

[6] *Edward H. Bohlin Co., Inc. v. Banning Co., Inc.*, 6 F.3d 350, 355 (5th Cir. 1993).

[7] *Templet v. Hydrochem, Inc.*, 367 F.3d 473, 479 (5th Cir. 2004).

[8] *Schiller v. Physicians Res. Grp, Inc.*, 342 F.3d 563, 567 (5th Cir. 2003); *Castrillo v. Am. Home Mortgage Servicing, Inc.*, No. 09-4369 R, 2010 WL 1424398, at *3 (E.D. La. Apr. 5, 2010) (Vance, J.).

(3)     the motion is necessary in order to prevent manifest injustice; or

(4)     the motion is justified by an intervening change in controlling law.[9]

A motion for reconsideration, "'[is] not the proper vehicle for rehashing evidence, legal theories, or arguments . . . .'"[10] Instead, such motions "serve the narrow purpose of allowing a party to correct manifest errors of law or fact or to present newly discovered evidence."[11] "It is well settled that motions for reconsideration should not be used . . . to re-urge matters that have already been advanced by a party."[12] When there exists no independent reason for reconsideration other than mere disagreement with a prior order, reconsideration is a waste of judicial time and resources and should not be granted.[13]

### B.   *Analysis*

Plaintiff asserts that the Court's March 16, 2023 Order manifestly erred in its finding that Defendant had alleged good cause for a continuance.[14] Specifically, Plaintiff argues that the Court incorrectly found that Plaintiff "waited until nearly the last minute to dump over a thousand pages of documents on to the other side thereby preventing Defendant from adequately preparing for

---

[9] *See, e.g.*, *Castrillo v. Am. Home Mortg. Servicing*, No. 09-4369, 2010 WL 1424398, at *4 (E.D. La. Apr. 5, 2010) (Vance, J.) (citations omitted).

[10] *Id.* (quoting *Templet v. HydroChem Inc.*, 367 F.3d 473, 478-79 (5th Cir. 2004)).

[11] *See Waltman v. Int'l Paper Co.*, 875 F.2d 468, 473 (5th Cir. 1989) (citation and internal quotation marks omitted).

[12] *Helena Labs. Corp. v. Alpha Sci. Corp.*, 483 F. Supp. 2d 538, 539 (E.D. Tex. 2007) (citing *Browning v. Navarro*, 894 F.2d 99, 100 (5th Cir. 1990)).

[13] *Livingston Downs Racing Ass'n v. Jefferson Downs Corp.*, 259 F. Supp. 2d 471, 481 (M.D. La. 2002). *See also Mata v. Schoch*, 337 B.R. 138, 145 (S.D. Tex. 2005) (refusing reconsideration where no new evidence was presented); *FDIC v. Cage*, 810 F. Supp. 745, 747 (S.D. Miss. 1993) (refusing reconsideration where the motion merely disagreed with the court and did not demonstrate clear error of law or manifest injustice).

[14] Rec. Doc. 38-1.

trial."[15] Plaintiff submits that this was a misstatement of fact, and that "Defendant tried to create the impression that no documents had ever been produced."[16] Plaintiff submits that it sent a comprehensive detailed settlement package to Defendant on June 6, 2022, before this lawsuit was even filed.[17]

Accepting Plaintiff's arguments on reconsideration as true, this Court finds that there are alternative grounds to support a finding of good cause for a continuance of the May 1, 2023 trial date in this matter. There are ongoing discovery disputes in this matter and Defendant represented that additional time was needed to retain experts. As stated *supra*, the Court has considerable discretion when determining if arguments presented in a motion for reconsideration merit reversing the Court's prior decisions.[18] The existence of alternative grounds to grant Defendant's motion to continue is sufficient to end the inquiry. Plaintiff asserts that a continuance is prejudicial because it will further delay Plaintiff's right to fully recover for damages caused by Hurricane Ida.[19] To minimize any perceived prejudice to Plaintiff in continuing the trial date, the Court will instruct its case manager to reset the trial date within the next six months.

Accordingly,

---

[15] *Id.* at 2.

[16] *Id.* at 3.

[17] *Id.* at 7.

[18] *Edward H. Bohlin Co., Inc. v. Banning Co., Inc.*, 6 F.3d 350, 355 (5th Cir. 1993); *Castrillo v. Am. Home Mortg. Servicing*, No. 09-4369, 2010 WL 1424398, at *4 (E.D. La. Apr. 5, 2010) (Vance, J.).

[19] Rec. Doc. 38-1 at 7.

**IT IS HEREBY ORDERED** that Plaintiff's motion for reconsideration[20] is **DENIED.**

**NEW ORLEANS, LOUISIANA**, this 28th day of March, 2023.

                                          **NANNETTE JOLIVETTE BROWN**
                                          **CHIEF JUDGE**
                                          **UNITED STATES DISTRICT COURT**

---

[20] Rec. Doc. 38.