UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| **FAIRWAY VILLAGE CONDOMINIUMS** | **CIVIL ACTION** |
| **VERSUS** | **NO. 22-2022** |
| **INDEPENDENT SPECIALTY INSURANCE CO.** | **SECTION: "G"(1)** |

## ORDER AND REASONS

This litigation arises from an insurance coverage dispute following Hurricane Ida.[1] Plaintiff Fairway Village Condominiums ("Plaintiff") brings breach of contract and bad faith claims against the insurer for its property, Defendant Independent Specialty Insurance Company ("Defendant"). On April 10, 2023, this Court denied Defendant's motion to compel arbitration because it found that Louisiana Revised Statute § 22:868(D) did not exempt arbitration clauses in surplus lines insurance contracts from the prohibition laid out in § 22:868(A).[2] On April 26, 2023, Defendant filed a notice of appeal as to this Court's April 10, 2023 Order and Reasons denying the motion to compel arbitration.[3] Before the Court is Defendant's "Motion to Stay the Proceedings Pending Appeal."[4] Plaintiff opposes the motion.[5] Considering the motion, the memoranda in support and in opposition, the record, and the applicable law, the Court grants the motions and stays the proceedings pending outcome of the appeal.

---

[1] *See* Rec. Doc. 1.

[2] Rec. Doc. 58 at 11.

[3] Rec. Doc. 59.

[4] Rec. Doc. 28.

[5] Rec. Docs. 31, 38.

1

## **I. Background**

Plaintiff asserts that Hurricane Ida caused extensive damage to Plaintiff's condominium complex located at 382 Fairway Drive, LaPlace, LA 70068 (the "Property").[6] Plaintiff avers that Defendant issued a policy of insurance covering the Property for damages from named storms (the "Policy").[7] Plaintiff contends that it provided Defendant with a claim for damages related to Hurricane Ida no later than September 6, 2021.[8] Plaintiff alleges that Defendant "was aware of the massive scale of repairs warranted and that insurance proceeds would be needed as soon as possible to commence with repairs in order to mitigate further damages."[9] Plaintiff avers that in the processing of its claim, Defendant retained Ron Sorenson ("Sorenson") as field adjuster, Velocity Claims, LLC, ("Velocity") to administer the claim on behalf of Defendant, and Larry Jacobs ("Jacobs") of Sedgwick Delegated Authority ("Sedgwick") to serve as the Third Party Claims Administrator for Velocity.[10]

Plaintiff avers that Sorenson's September 9, 2021 Inspection of the Property provided Defendant with a complete and sufficient proof of loss.[11] Plaintiff asserts that Defendant made an initial advance payment of $200,000 to Plaintiff on September 21, 2021.[12] Plaintiff alleges that Defendant made three additional payments in February and March, 2022 totaling $751,462.49.[13]

---

[6] Rec. Doc. 1 at 1–2.

[7] *Id.* at 3–4.

[8] *Id.* at 4.

[9] *Id.* at 2.

[10] *Id.* at 4–5.

[11] *Id.* at 5.

[12] *Id.*

[13] *See id.*

Plaintiff avers that Defendant paid a total amount of $951,462.49, which is "less than half of the proof of loss amounts submitted on behalf of Plaintiff by a public adjuster and separate water/environmental mitigation company, both of which produced" proof of loss evidence totaling $1,966,458.49.[14]

On July 1, 2022, Plaintiff filed a Complaint in this Court.[15] On February 7, 2023, Defendant filed a motion to compel arbitration.[16] In its motion, Defendant argued that the arbitration clause in the Policy is an enforceable *forum* selection clause in a surplus lines insurance contract exempt from the prohibition in Louisiana Revised Statute § 22:868(A)(2).[17] This Court denied the motion to compel arbitration on April 10, 2023.[18] Pursuant to Section 16 of the Federal Arbitration Act, 9 U.S.C. § 16, an Order denying a motion to compel arbitration is immediately appealable. Defendant appealed this Court's decision on April 26, 2023.[19] On May 3, 2023, Defendant filed the instant motion to stay the proceedings.[20] Plaintiff filed its opposition on May 23, 2023.[21] This matter is currently set for a jury trial to begin on September 26, 2023.[22]

---

[14] *Id.* at 6.

[15] *See generally id.*

[16] Rec. Doc. 24.

[17] Rec. Doc. 24-1 at 7–9.

[18] Rec. Doc. 58.

[19] Rec. Doc. 59.

[20] Rec. Doc. 62.

[21] Rec. Doc. 68.

[22] Rec. Doc. 57.

## II. Parties' Arguments

*A.     Defendant's Arguments in Support of the Motion*

Defendant makes three arguments in support of the motion. First, Defendant asserts that it has made a substantial showing that it is likely to succeed on the merits because the Arbitration Clause in the Policy is an enforceable forum selection clause exempted from the Louisiana Revised Statutes' anti-arbitration provision.[23] Defendant avers that issue on appeal "is a crucial issue of statutory interpretation that has wide-spread implications going well beyond the parties to the instant case."[24] Defendant avers that the "legislative history of the 2020 amendments to La. R.S. § 22:868 and the audio recording during the meeting of the legislators on May 13, 2020, clearly and indisputably illuminates the legislators' intent on carving out surplus lines carriers from the 'anti-arbitration' provisions of La. R.S. § 22:868."[25] Defendant further asserts that "the legislators' amendment: (1) added 'venue' to Section A, prohibiting venue selection clauses in insurance policies; and (2) added Section D, which, for the first time, carved-out surplus lines insurers from the statute."[26]

Second, Defendant argues that "it will be irreparably harmed by being forced to go above and beyond the parameters of arbitration which were clearly set out in the agreement."[27] Defendant asserts that Plaintiff "will not be harmed by the granting of a stay pending appeal" because its only injury, the delay in the final disposition of this matter, "is insufficient to find that

---

[23] Rec. Doc. 62-1 at 2–3.

[24] *Id.* at 3.

[25] *Id.*

[26] *Id.*

[27] *Id.* at 14.

4

[Plaintiff] will be substantially injured by the issuance of a stay."[28]

Third, Defendant avers that the public interest favors a stay in this matter because Defendant "should not be deprived of its right to arbitration" without a firm resolution of whether its alleged contractual right is preempted by Louisiana law.[29] Defendant further argues that the "public interest in efficient allocation of judicial resources favors granting a stay of trial court proceedings in cases where a difficult question is presented on appeal."[30] Thus, Defendant argues that this Court should grant the motion to stay because this case involves a serious legal question and the balance of equities favors the granting of a stay.[31]

B.  *Plaintiff's Arguments in Opposition to the Motion*

Plaintiff brings three arguments in its opposition. First, Plaintiff argues that the instant motion to stay proceedings is a disguised motion for reconsideration that improperly brings "new argument and evidence that [Defendant] failed to introduce in the original" motion to compel.[32] Plaintiff points out that Defendant asserted that three cases decided in the Eastern District of Louisiana in January 2023 provided the basis for its original motion to compel.[33] Plaintiff asserts that Defendant's original motion "made no mention of any earlier Louisiana case law, such as [*Shelter Mutual v. Rimkus Consulting Group*] or [*Creekstone Juban v. XL Insurance*]."[34] Plaintiff further argues that Defendant never raised arguments based on the transcripts from the legislative

---

[28] *Id.* (citing *Weingarten Realty Investors v. Miller*, 661 F.3d 904, 913 (5th Cir. 2011)).

[29] *Id.*

[30] *Id.*

[31] *Id.*

[32] Rec. Doc. 68 at 2.

[33] *Id.* at 3–4.

[34] *Id.* at 3.

5

debate or other legislative history to rebut the arguments put forth in Plaintiff's opposition to the motion to compel.[35]

Second, Plaintiff contends that Defendant's argument that arbitration clauses in surplus lines insurance contracts are exempt from the prohibition in Louisiana Revised Statute § 22:868(D) is contrary to Louisiana law.[36] Plaintiff avers that Defendant ignores the Louisiana Supreme Court's definition of a forum selection clause as any clause that governs the place or location where parties to a contract choose to "litigate" any disputes.[37] Plaintiff argues that arbitration clauses do not fit under this definition because arbitration is an alternative to litigation.[38] Thus, Plaintiff argues that Defendant has failed to make a substantial showing of the likelihood of success on the merits because this Court's denial of the motion to compel arbitration is consistent with binding Louisiana Supreme Court precedent.[39]

Third, Plaintiff asserts that Defendant fails to sufficiently raise any argument that it will suffer irreparable harm or that this case involves a compelling public interest.[40] Plaintiff points out that Defendant "fails to provide any specific basis of how it would be irreparably harmed if the current proceedings are not stayed."[41] Plaintiff contends that Defendant's motion undermines the "long recognized public policy of prohibiting anti-arbitration provisions in insurance

---

[35] *Id.*

[36] *Id.* at 7.

[37] *Id.*

[38] *Id.* (quoting *KeyClick Outsourcing, Inc. v. Ochsner Health Plan, Inc.*, 2011-0598 (La. App. 4 Cir. 3/14/2012), 89 So.3d 1207, 1210 ("Arbitration is a substitute for litigation.")).

[39] *See id.* at 7–8.

[40] *Id.* at 8.

[41] *Id.*

policies."[42] Thus, Plaintiff requests that this Court deny Defendant's motion to stay the proceedings pending appeal.[43]

### III. Law and Analysis

The Fifth Circuit has stated that "[a]lthough appeals transfer jurisdiction from the district court to the appellate court concerning 'those aspects of the case involved in the appeal,' the district court is nonetheless free to adjudicate matters that are not involved in that appeal."[44] In *Hilton v. Braunskill*, the Supreme Court of the United States established a four-factor test to determine whether a discretionary stay should be granted pending an appeal. A court will examine: "(1) whether the stay applicant has made a strong showing that he is likely to succeed on the merits; (2) whether the applicant will be irreparably injured absent a stay; (3) whether issuance of the stay will substantially injure other parties interested in the proceedings; and (4) [whether] public interest [favors a stay]."[45] Thus, this Court begins its analysis as to whether the Defendant has made a substantial case as to its likelihood of success on the merits.

#### A. *Whether Defendant Has Made a Substantial Showing of Success on the Merits*

The Fifth Circuit has stated that "a stay can never be granted unless the movant has shown that success on appeal is probable."[46] Though the Court remains confident that its finding that § 22:868(D) does not exempt arbitration provisions in surplus lines insurance contracts is correct, the Court is cognizant that this is an issue of first impression as Defendant's argument requires

---

[42] *Id.*

[43] *Id.*

[44] *Weingarten*, 661 F.3d at 908 (quoting *Griggs v. Provident Consumer Discount Co.*, 459 U.S. 56 (1982)).

[45] *Id.* (citing *Hilton v. Braunskill*, 481 U.S. 770 (1987)).

[46] *See Ruiz v. Estelle*, 650 F.2d 555, 565 (5th Cir. 1981).

7

an interpretation of a recent 2020 amendment to Louisiana law. The Court notes that the Louisiana Supreme Court amended Louisiana Supreme Court Rule XII on June 13, 2023, to allow federal district courts to certify questions of state law to the Louisiana Supreme Court where there is no clear controlling precedent. It may have been appropriate to certify this legal question under Rule XII had the amendment been in effect at the time of this Court's April 10, 2023 Order and Reasons. Therefore, the Court finds that Defendant has submitted a substantial case. The Fifth Circuit's determination on this issue will have direct implications in numerous other insurance cases. Thus, the Court finds that this factor weighs in favor of a stay.

*B.     Whether the Defendant has Shown That it Will be Irreparably Injured Absent a Stay*

The second *Hilton* factor examines "whether the applicant will be irreparably injured absent a stay."[47] Plaintiff argues that Defendant cannot manufacture irreparable harm just because it disagrees with this Court's ruling denying arbitration.[48] Defendant contends that it will face irreparable harm in this case and in future suits through the deprivation of its alleged contractual right to resolve disputes in arbitration until the issue on appeal is "concretely resolved."[49] The Court finds that Defendant has sufficiently shown that it will be injured absent the granting of a stay pending the appeal as the trial date is set to occur before the appeal will be resolved.

*C.     Whether Issuance of the Stay Will Substantially Injure Other Parties Interested in the Proceedings*

The third *Hilton* factor is "whether issuance of the stay will substantially injure other parties interested in the proceedings." The Fifth Circuit has found that a party is not substantially injured by the issuance of a stay where the "only potential injury" it faces "is delay in vindication

---

[47] *Hilton*, 481 U.S. at 776.

[48] Rec. Doc. 68 at 8 (citing *Weingarten*, 661 F.3d at 913).

[49] Rec. Doc. 62-1 at 13–14.

of its claim."[50] Defendant argues that neither Plaintiff nor any other parties will be substantially injured by the issuance of the stay.[51] Plaintiff does not raise any argument as to any injury it would sustain by a stay. The Court agrees with Defendant's contention that no other parties will be substantially injured by the issuance of the stay. Thus, the Court finds that this factor weighs in favor of granting a stay pending the appeal.

D.   *Whether Public Interest Favors a Stay*

The final *Hilton* factor asks whether public interest favors a stay. Defendant contends that the public interest weighs heavily in favor of granting a stay here in the name of the efficient allocation of judicial resources.[52] Plaintiff contends that Defendant's motion undermines the "long recognized public policy of prohibiting anti-arbitration provisions in insurance policies."[53]

Trial is set in this matter for September 26, 2023.[54] The Fifth Circuit's briefing schedule for Defendant's appeal provides that appellant's brief is due on August 31, 2023.[55] Therefore, proceeding to trial in this Court while the Fifth Circuit considers the merits of the appeal will constitute a waste of judicial resources. The issue of whether Louisiana Revised Statutes § 22:868 prohibits anti-arbitration provisions in surplus lines insurance policies "is significant and has the potential for far-reaching effects and implications."[56] Other district courts have recognized that a

---

[50] *Weingarten*, 661 F.3d at 913.

[51] Rec. Doc. 62-1 at 13–14.

[52] *Id.*

[53] Rec. Doc. 68 at 8.

[54] Rec. Doc. 57.

[55] *Fairway Village Condominiums v. Independent Specialty Ins. Co.*, Case No. 23-30274, Rec. Doc. 15 (5th Cir. 2023) (granting extension of Appellant's briefing deadline to August 31, 2023).

[56] *Cf. Lil Al M/V*, 2018 WL 10780906 at *3.

9

failure to stay proceedings in cases with pending appeals on issues of first impression "may prevent the Fifth Circuit from issuing guidance on th[e] unique and complex issue of law."[57] Thus, the public interest weighs heavily in favor of granting a stay pending the appeal.

### IV. Conclusion

For the foregoing reasons,

**IT IS HEREBY ORDERED** that Defendant's "Motion to Stay the Proceedings Pending Appeal"[58] is **GRANTED**.

**IT IS ORDERED** that this matter is **STAYED** and **ADMINISTRATIVELY CLOSED** pending Defendant's appeal of this Court's Order and Reasons denying its motion to compel arbitration. Any party may file a written motion to reopen these proceedings within **THIRTY (30) DAYS** following the resolution of the interlocutory appeal.

**NEW ORLEANS, LOUISIANA**, this 23rd day of June, 2023.

_____
**NANNETTE JOLIVETTE BROWN
CHIEF JUDGE
UNITED STATES DISTRICT COURT**

---

[57] *See, e.g., id.*

[58] Rec. Doc. 62.